UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2019 MAR 21 PM 1: 19

**19 CV 2581**

| | |
|---|---|
| WAYNE TATUM, | **COMPLAINT** |
| Plaintiff, | Civil Action No.: |
| -against- | 19-CV- |
| | (   )(   ) |
| CITY OF NEW YORK; NEW YORK CITY HUMAN RESOURCES ADMINISTRATION; NIKKAL BARNES, Program Director; SERGEANT FACEY No. 906; OFFICER DAVIS No. 609; OFFICER MATOS No. 1059 | |
| Defendants | |

Plaintiff, WAYNE TATUM ("Plaintiff"), proceeding pro se in this action, alleges the following upon personal knowledge, except as to those allegations concerning Plaintiff which are alleged upon information and belief. The sources of Plaintiff's information and belief is based upon, among other things, Plaintiff's own investigation relating to his causes of action, his pursuit of the claims in question, and Plaintiff's personal experience of the claims in question. Plaintiff believes that further substantial evidentiary support will exist for the allegations after a reasonable opportunity for discovery.

## PRELIMINARY STATEMENT

1. This is a lawsuit involving unlawful search and seizure of property; privacy violation; and involves obstruction of mail.

2. Plaintiff Wayne Tatum is a natural citizen of the United States.

3. The Defendants, acting under color of law, deprived Plaintiff of his right to privacy, secured by the Fourth Amendment of the U.S. Constitution.

## NATURE OF THE CASE

4. This action is brought pursuant to 42 U.S.C § 1983 for violations of Plaintiff's rights, privileges and immunities secured by the Fourth Amendment of the United States Constitution.

## JURISDICTION AND VENUE

5. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction is invoked over state and local causes of action pursuant to 28 U.S.C. § 1367.

6. Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action, occurred in this judicial district.

## PARTIES

7. Plaintiff, WAYNE TATUM (hereinafter, "Plaintiff"), is a public assistance recipient, receiving benefits through the New York City Human Resources Administration.

8. Defendant, CITY OF NEW YORK ("City"), is a municipal corporation duly organized and doing business under the laws of the State of New York, with its principal office located at City Hall, New York, NY 10007.

9. Defendant, NEW YORK CITY HUMAN RESOURCES ADMINISTRATION ("HRA"), is an agency of Defendant City of New York, with its principal office located at 150 Greenwich St, 38th Fl., New York, New York.

10. Defendant NIKKAL BARNES ("Barnes"), is the Program Director, of Aguila Inc., Parkview Inn, located at 55 W 110th Street, New York, New York.

11. Defendant Sergeant Facey #906 ("Facey"), is a Department of Homeless Services ("DHS") Police Sergeant, with his assigned place of employment located at 55 W 110th Street, New York, New York —Basement Office.

12. Defendant Officer Davis #609 ("Davis"), is a Department of Homeless Services ("DHS") Police Officer, with her assigned place of employment located at 55 W 110th Street, New York, New York —Basement Office.

13. Defendant Officer Matos #1059 ("Matos"), is a Department of Homeless Services ("DHS") Police Officer, with his assigned place of employment located at 55 W 110th Street, New York, New York —Basement Office.

## FACTUAL ALLEGATIONS

14. Defendant Sergeant Facey, acting under color of law, deprived Plaintiff of his right to privacy, and against unreasonable searches and seizures secured by the Fourth Amendment of the U.S. Constitution

15. Defendant Officer Davis, acting under color of law, deprived Plaintiff of his right to privacy, and against unreasonable searches and seizures secured by the Fourth Amendment of the U.S. Constitution

16. Defendant Officer Matos, acting under color of law, deprived Plaintiff of his right to privacy, and against unreasonable searches and seizures secured by the Fourth Amendment of the U.S. Constitution.

17. Defendant Nikkal Barnes, acting under color of law, deprived Plaintiff of his right to privacy, and against unreasonable searches and seizures secured by the Fourth Amendment of the U.S. Constitution.

18. Defendant City of New York, acting under color of law, deprived Plaintiff of his right to privacy, and against unreasonable searches and seizures secured by the Fourth Amendment of the U.S. Constitution.

19. On October 21, 2018, Plaintiff, a resident at the Parkview Inn (¶ 10), was summoned by an Allied Security Guard and told that a mail package had arrived to the building for me and that I had to come downstairs for it.

20. Plaintiff promptly walked downstairs and preceded to the front desk thinking that the package was there.

21. But Defendant Davis stopped me and called me over to her, where she had a box at or near her feet.

22. As I approached and bent down to pick up the box, she pointed to the X-Ray machine with colorful images on the monitor screen and asked me "what the hell is in there"; and if the contents in the box was a lamp with shades.

23. She then told Defendant Matos (who was sitting closes to the x-ray machine) to adjust the monitor screen while she was pointing to it and asking me simultaneously if the contents were a lamp with shades.

24. I was in disbelief at that moment of the fact that she and Matos not only pried into my mail before it was delivered to me by the mail carrier, but that she would ask about the contents.

25. So my response was delayed as I continued to pick up my package.

26. And as I was walking away from her and to the elevator with the box in my hands, I stated to her that it's against the law for you to go in my mail.

27. She told me to stop and bring it back. Then she told me to put the box down and that she used to work in the Post Office and what I was saying was not true. She took it back from me keeping it near her while she summoned Defendant Facey on the police radio.

28. Subsequently, Defendant Facey came upstairs to the lobby area where we were and immediately took the box, as Davis was giving him an account of what just happened, showing him the images on the x-ray machine; and telling him that I said that they are not allowed to go into my mail.

29. To which, Facey told me that if I didn't open up the box then I couldn't take it upstairs. And that he would leave it in the "bubble" (referring to the front desk location).

30. I told him that I was not going to argue with him. And I went upstairs to get a copy of the federal law that makes it an offense to obstruct ones mail correspondence.

31. When I returned about five minutes later and told Facey about the federal law, Facey said, when you come to this facility you give up certain rights and, we are allowed to do this.

32. I then asked him if there was any type of threat about my package that caused them to treat it the way that they did.

33. But he did not respond to that question; repeating that they had a right to put the package through the x-ray machine directly from the mail carrier before it comes into the building.

34. And that this is how they treat all packages from the mail carrier.[1]

35. I then reluctantly, and under duress, protest, and fear of the unjustified loss or confiscation of my property, opened the box while Defendant Facey stood over me; as I had to open the box while kneeling on the floor.

36. Upon seeing lamps and shades in the box, Defendant Facey stated, "now was that hard?"

37. To which I responded, yes. It's the principal that you are not authorized to do this.

38. He then asked me to repeat the federal law. And I did; telling him 18 U.S.C. § 1702 and to look it up and see what it says.

39. I then took the package upstairs.

40. Prior to the above incident of October 21, 2018, I complained to Defendant Barnes (¶ 10) by letter dated April 11, 2018, about our postal packages being intercepted from the postal carrier and put through the x-ray machine by DHS Police.

41. My letter to Defendant Barnes explained that a few weeks prior to the date of the letter, I was heading out of the facility and noticed that a DHS Officer was directing a UPS Postal Carrier to put a package from Amazon through the X-Ray machine.

42. When I asked the officer why was they putting someone's mail package through the x-ray machine, the officer said that this is what they (pointing to the social services office) wants us to do.

43. Plaintiff hand delivered that letter to Defendant Barnes by way of the Social Services Office located in the facility on April 11, 2018.

---

[1] The Parkview Inn (¶ 10) consists of DHS Residents and Non-DHS Residents. Therefore, Defendant Facey and his staff of DHS Police generally and regularly pry into the mail packages of people not subject to DHS's purported policy as well.

44. Plaintiff also mailed a copy of the letter to Defendant Facey at the same address.

45. After several days, I received no response from Defendant Barnes.

46. But then on April 17, 2019, at approximately 1805hrs., DHS Police Officer Walker approached me as I was exiting the facility and handed me the letter, enclosed in the envelope that I mailed to Facey, and said that I could have just asked him for the rules that allow them to do what I was complaining of.

47. He then handed me a copy of DHS Procedure No. 108-04, and a copy of the House Rules.

48. Plaintiff kept the copy of the written procedure and house rules but gave back the letter in the opened envelope that was mailed to his supervisor, and told him that that should stay with his supervisor.

49. Defendant Facey never discussed the letter sent to him with Plaintiff.

50. And Defendant Barnes, likewise never discussed the letter or its contents with Plaintiff.

51. However, on or about June 29, 2018, Defendant Barnes attempted to transfer Plaintiff to another facility, involuntarily.

52. Plaintiff filed a grievance with DHS's Ombudsman Office against the involuntary transfer.

53. And the involuntary transfer was called off.

54. Plaintiff has filed no less than seven grievances with the facility pursuant to DHS Grievance Procedures.

55. But none of Plaintiff's grievances were handled by Barnes and DHS in the manner prescribed by DHS Rules.

56. And Plaintiff was never given any written response to any of his written grievances.

57. Conspicuously, two days after the October 21, 2018 incident (¶¶ 19-39), Plaintiff was cited with a notice of infraction for allegedly failing to sign the attendance roster.

58. Plaintiff believes that this was in retaliation to his objection of DHS Police searching his mail package.

59. And that it was Defendant Facey who directed the infraction action be taken against Plaintiff.

## CLAIM FOR RELIEF
### (Violation of Fourth Amendment of the U.S. Constitution, 42 U.S.C. § 1983: Right Against Privacy and Unreasonable Searches and Seizures)

60. Plaintiff realleges and incorporates, as though fully set forth herein, each and every allegation contained above.

61. At all times relevant, Defendants HRA, Facey, Davis and Matos acted under color of law.

62. At all times relevant, Defendant Barnes acted in concert with Defendants HRA, Facey, Davis and Matos.

63. Defendant Facey violated Plaintiff's rights secured by the Fourth Amendment of the U.S. Constitution when he pried into my mail package through the x-ray machine and seized my package for no lawful reason.

64. Further, when he forced Plaintiff to open the mail package, under threat of confiscating the package unjustly.

65. Defendant Davis violated Plaintiff's rights secured by the Fourth Amendment of the U.S. Constitution when she pried into my mail package through the x-ray machine and seized my package for no lawful reason.

66. Further, when she momentarily detained Plaintiff directing that Plaintiff wait for Facey.

67. Defendant Matos violated Plaintiff's rights secured by the Fourth Amendment of the U.S. Constitution when he pried into my mail package through the x-ray machine and seized my package for no lawful reason.

68. Defendant Barnes violated Plaintiff's rights secured by the Fourth Amendment of the U.S. Constitution when she, upon information and belief, directed that all mail packages entering the building be put through the x-ray machine from the mail carrier.

69. Defendant HRA violated Plaintiff's rights secured by the Fourth Amendment of the U.S. Constitution when it authorized Defendants Facey, Davis, and Matos to unjustly pry into Plaintiff's mail packages through the x-ray machine.[2]

70. Defendants' acts are the direct result of an internal custom or practice that is not written or formally adopted, but that is a pervasive, longstanding practice that has deprived Plaintiff of the right to privacy, and to be secured in his person, house, papers and effects, against unreasonable searches and seizures.

71. As a result, Defendant has suffered emotional, physical and compensatory damages for which this Court has the authority to award.

72. For all the foregoing reasons, Plaintiff's right to privacy, and to be secured in his person, house, papers, and effects, against unreasonable searches and seizures, guaranteed under the Fourth Amendment of the Federal Constitution was violated, and he is entitled to relief in this Court.

**WHEREFORE**, Plaintiff prays for relief and that this Court enter judgment:

---

[2] Plaintiff once witnessed a DHS Police Officer at the facility physically open a person's mail when that person refused to open his mail package when told by that officer to do so.

a) Directing Defendants to cease and desist from their practice of unjustly searching and seizing Plaintiff's mail packages; and,

b) Directing HRA to retrain its police personnel in these matters; and,

c) Awarding Plaintiff damages in the amount of ten thousand dollars; and,

d) For such other and further relief as this Court deems just, proper and equitable.

**JURY TRIAL DEMANDED**

Plaintiff requests a trial by jury on all issues so triable.
Dated: New York, New York
    March 21, 2019

Respectfully submitted,

*Wayne Tatum*
Wayne Tatum
441 Beach 51st Street, Apt. 8A
Far Rockaway, New York 11691
(347) 286-8142

TO: **ZACHARY W. CARTER**
Corporation Counsel
City of New York
100 Church Street
New York, New York 10007-2601
(212) 356-1000

**NEW YORK CITY HUMAN RESOURCES ADMINISTRATION**
150 Greenwich St, 38th Fl.
New York, New York 10007

**DEFENDANT NIKKAL BARNES**
55 W 110th Street —Social Services Office
New York, New York 10026

**DEFENDANT SERGEANT FACEY #906**
55 W 110th Street —Basement Office
New York, New York 10026

**DEFENDANT OFFICER DAVIS #609**
55 W 110th Street —Basement Office
New York, New York 10026

**DEFENDANT OFFICER MATOS #1059**
55 W 110th Street —Basement Office
New York, New York 10026