UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: April 26, 2019

WAYNE TATUM,

                              Plaintiff,

            -against-

CITY OF NEW YORK; NEW YORK CITY
HUMAN RESOURCES ADMINISTRATION;
NIKKAL BARNES, Program Director; SERGEANT
FACEY No. 906; OFFICER DAVIS No. 909;
OFFICER MATOS No. 1059,

                              Defendants.

19-CV-2581 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

        Plaintiff, who appears *pro se*, asserts claims of constitutional violations under 42 U.S.C.

§ 1983. He seeks damages and injunctive relief. He sues the City of New York, the New York

City Human Resources Administration ("HRA"), Parkview Inn Program Director Nikkal Barnes,

New York City Department of Homeless Services ("DHS") Police Sergeant Facey, and DHS

Police Officers Davis and Matos. On April 24, 2019, the Court granted Plaintiff's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed

below, the Court dismisses Plaintiff's claims against the HRA. The Court directs service on the

remaining defendants.

### STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ.

P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

### A.    HRA

The Court must dismiss Plaintiff's claims against the HRA because an agency of the City of New York, like the HRA, is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Suarez v. N.Y.C. Dep't of Human Res. Admin.*, No. 09-CV-8417 (WHP), 2011 WL 1405041, at *3 (S.D.N.Y. Mar. 24, 2011) (HRA is not a suable entity), *appeal dismissed*, No. 12-4235 (2d Cir. Apr. 23, 2013); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 394 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Plaintiff's claims against the HRA are also redundant of his claims against the City of New York, a named defendant. The Court therefore dismisses Plaintiff's claims against the HRA.

### B.    Service on the remaining defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service

to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the City of New York and Defendants Barnes, Facey, Davis, and Matos through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on each of these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the New York City Human Resources Administration.

The Court also directs the Clerk of Court to complete USM-285 forms with the addresses for the City of New York and Defendants Barnes, Facey, Davis, and Matos, and deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court further directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:  April 26, 2019
        New York, New York

_____
        EDGARDO RAMOS
    United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. City of New York
   Law Department
   100 Church Street
   New York, New York 10007

2. Nikkal Barnes
   Program Director
   Aguila, Inc.
   Parkview Inn
   55 West 110th Street
   New York, New York 10026

3. Sergeant Facey, Shield No. 906
   Parkview Inn
   55 West 110th Street
   New York, New York 10026

4. Officer Davis, Shield No. 609
   Parkview Inn
   55 West 110th Street
   New York, New York 10026

5. Officer Matos, Shield No. 1059
   Parkview Inn
   55 West 110th Street
   New York, New York 10026