UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE TATUM,

                Plaintiff,

– against –

CITY OF NEW YORK; NIKKAL BARNES, Program Director; SERGEANT FACEY NO. 906; OFFICER DAVIS NO. 609; OFFICER MATOS NO. 1059,

                Defendants.

<u>**ORDER OF SERVICE**</u>

19-CV-2581 (ER)

<u>RAMOS, D.J.</u>

    Plaintiff Wayne Tatum, who has been granted permission to proceed *in forma pauperis* ("IFP"), is entitled to rely on the U.S. Marshals Service to effect service. Doc. 3; *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013). Even though Plaintiff's complaint was filed on March 21, 2019, service has not yet been successfully effected on three of the five named Defendants: Defendants Nikkal Barnes, Sergeant Facey, and Officer Matos. Although Rule 4(m) of the Federal Rules of Civil Procedure requires that the summons and complaint be served within 90 days of the date the complaint is filed, and although the complaint was filed more than 90 days ago, since Plaintiff proceeds IFP and has identified the Defendants, "the Marshal's failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)." *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (citations omitted).

    The Court therefore instructs the Clerk of Court to issue amended summonses for Defendants Sergeant Facey and Officer Matos, and to fill out U.S. Marshals Service Receipt and

Return forms ("USM-285 forms") for those Defendants. The Clerk of Court is then directed to deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon those Defendants. The time to effect service is extended to 90 days from the issuance of the amended summonses.

With respect to Defendant Nikkal Barnes, under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant for service. 121 F.3d 72, 76 (2d Cir. 1997). Here, Plaintiff named Barnes as a Defendant in the complaint. Doc. 2. Defendant the City of New York clarified that Barnes is not employed by the City of New York, but formerly worked for an independent contractor, Aguila, Inc. Doc. 19, 2 n.1. Aguila, Inc. was unwilling to provide the City of New York with Barnes' service address. *Id.* To facilitate Plaintiff's service on Barnes through the U.S. Marshals Service, the Court directs Barnes' former employer, Aguila, Inc., to provide Barnes' service address to the Court by Monday, April 27, 2020. The Clerk of Court is directed to send a copy of the complaint (Doc. 2) and a copy of this Order to Aguila, Inc. at 665 Cauldwell Ave., Bronx, New York 10455.

Once Aguila, Inc. provides Barnes' service address, the Court will issue an order to the Clerk of Court to fill out the paperwork necessary for the Marshals Service to serve her.

## CONCLUSION

Counsel for Aguila, Inc. is directed to provide Plaintiff and the Court with Barnes' service address by Monday, April 27, 2020.

The Clerk of Court is directed to mail a copy of the complaint (Doc. 2) and this Order to Aguila, Inc. at 665 Cauldwell Ave., Bronx, New York 10455.

The Clerk of Court is further directed to issue amended summonses for Defendants Sergeant Facey and Officer Matos, and fill out USM-285 forms for those Defendants. The Clerk

of Court is then directed to deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon those Defendants at the service addresses as provided by Defendant the City of New York at Doc. 19, also attached here.

      It is SO ORDERED.

Dated: April 21, 2020
       New York, New York

                                                           Edgardo Ramos, U.S.D.J.

## ADDRESSES FOR SERVICE

**Sergeant Facey No. 906**
Department of Homeless Services
150 Greenwich Street, 38th Floor
New York, New York 10007


**Officer Matos No. 1059**
New York City Department of Citywide Administrative Services
Office of General Counsel
1 Centre Street, 19th Floor
New York, New York 10007
Attn: Sanford M. Cohen, Deputy General Counsel