```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
WAYNE TATUM,                                                           :
                                                                       :
                                     Plaintiff,                        :
                                                                       :     19-CV-2581 (JPC)
               -v-                                                     :
                                                                       :     ORDER OF SERVICE
CITY OF NEW YORK et al.,                                               :
                                                                       :
                                     Defendants.                       :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Because Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"), Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

On April 21, 2020, the Honorable Edgardo Ramos found that good cause existed for an extension of time to serve Defendant Nikkal Barnes and others. (Dkt. 21.) On December 1, 2020,

counsel for the "City Defendants" informed the Court that a law firm that "will likely be representing" Defendant Barnes in this matter informed counsel that Defendant Barnes's service address is 306 West 94th Street, New York, New York 10025. (Dkt. 32 at 2.) The Court finds that good cause continues to exist to extend the time by which Defendant Barnes must be served.

To allow Plaintiff to effect service on Defendant Barnes through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendant Barnes. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Barnes at the above listed address.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and note service on the docket. Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

SO ORDERED.

Dated: January 12, 2021
New York, New York

                JOHN P. CRONAN
            United States District Judge