UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Wayne Tatum
(List the name(s) of the plaintiff(s)/petitioner(s).)

19 Civ. 02581 (JPC) ( )

- against -

**AFFIRMATION OF SERVICE**

City of New York, et al.,

(List the name(s) of the defendant(s)/respondent(s).)

I, (print your name) Wayne Tatum, declare under penalty of perjury that I served a copy of the attached (list the names of the documents you served): Letter in Response to City

upon all other parties in this case by (state how you served the documents, for example, hand delivery, mail, overnight express) Regular Mail to the following persons (list the names and addresses of the people you served):

Nicolette Pelegrino
Assistant Corporation Counsel
NYC Law Department
100 Church Street, Room 3-179 New York, NY 10007

on (date you served the document(s)) 02/05/21.

02/05/21
Dated

Signature
P.O. Box 714
Address
New York, New York
City, State
10026
Zip
(646) 912-1566
Telephone Number
wayneatatum@gmail.com
E-Mail Address

Rev. 01/2013

February 5, 2021

Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   RE: Wayne Tatum v. City of New York, et al.,
      19-cv-02581 (JPC)

Dear Judge Cronan:

  I am the Plaintiff in the above referenced matter, and I write to you to respond to the City's recent letter to the Court. (ECF No. 43)

  Your Honor, I did timely respond to the City's motion to dismiss and personally filed my response in the Court's night deposit box on January 25, 2021. I also mailed my response to the City's attorney on the same date. *See* "Affidavit in Opposition to City Defendants' Motion to Dismiss" Attachment, "1".

  It may be that the Pro Se Clerk's Office was short staffed and did not docket my papers as yet. And it may be that the City's attorney did not receive my papers by mail due to the pandemic. But I did respond to their motion and therefore, I respectfully ask that you consider my opposition papers in deciding their motion to dismiss.

  Thank you.

Respectfully,

Wayne A. Tatum
Wayne Tatum

cc:   VIA ELECTRONIC MAIL AND REGULAR MAIL DELIVERY
      **Nicolette Pellegrino**
      *Assistant Corporation Counsel*
      Special Federal Litigation Division
      NYC Law Department
      100 Church Street, Room 3-179
      New York, NY 10007
      (212) 356-2338
      npellegr@law.nyc.gov

RECEIVED 2021 FEB -5 PM 3:34 U S DISTRICT COURT SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Wayne Tatum
*(List the name(s) of the plaintiff(s)/petitioner(s).)*

19 Civ. 02581 ( JPC ) ( )

- against -

**AFFIRMATION OF SERVICE**

---

City of New York, et al.

---

*(List the name(s) of the defendant(s)/respondent(s).)*

I, *(print your name)* ___Wayne Tatum___, declare under penalty of perjury that I served a copy of the attached *(list the names of the documents you served)*: ___Affidavit in Opposition to City Defendants' Motion to Dismiss___

upon all other parties in this case by *(state how you served the documents, for example, hand delivery, mail, overnight express)* ___mail___ to the following persons *(list the names and addresses of the people you served)*:

Nicolette Pellegrino
Assistant Corporation Counsel - Special Federal Litigation Division
~~NYC Law Department~~
100 Church Street, Room 3-179 New York, NY 10007

on *(date you served the document(s))* ___01/25/21___.

___01/25/21___
Dated

Signature: *[signed] Wayne A. Tatum, Sr.*

Address: P.O. Box 714

City, State: New York, New York

Zip: 10026

Telephone Number: (646) 912-1566

E-Mail Address: wayneatatum@gmail.com

*Rev. 01/2013*

Attachment 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

WAYNE TATUM,

            Plaintiff,

   -against-

CITY OF NEW YORK; NEW YORK CITY HUMAN
RESOURCES ADMINISTRATION; NIKKAL BARNES,
Program Director; SERGEANT FACEY No. 906;
OFFICER DAVIS No. 609; OFFICER MATOS No. 1059,

            Defendants.

**AFFIDAVIT IN OPPOSITION
TO CITY DEFENDANTS'
MOTION TO DISMISS**

19-cv-02581
(JPC)

---

STATE OF NEW YORK  )
                      ) SS.:
COUNTY OF NEW YORK)

    **WAYNE TATUM**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

**I.   PRELIMINARY STATEMENT**

    I am the plaintiff in the above captioned action and respectfully submit this affidavit in opposition to the City Defendants' Motion to Dismiss.

    For the reasons stated herein, the Court should deny the City Defendants' motion to dismiss in its entirety.

**II.   COUNTER STATEMENT OF FACTS**

    Contrary to City Defendants' assertions in their Memorandum of Law in support of their motion to dismiss, Plaintiff did in fact have more than a "reasonable expectation" of privacy in his parcel, since, in addition to the federal constitution, the City through DHS granted him that

right of privacy in a published "Statement of Client Rights"; which was provided to Plaintiff on the same date (April 11, 2016) as Defendants' exhibit (A).[1] See New York City DHS Statement of Client Rights, annexed hereto as Exhibit "1," at Line 9.

Additionally, prior to Defendant Barnes' assignment to Parkview, there was another Program Director, Ms. Daysi Pena.

During Director Pena's tenure at Parkview there was never a time when Plaintiff's parcel was intercepted or put through the scanner/magnometer.

Likewise, at the time Ms. Pena was assigned to Parkview as director, there was another DHS Police Sergeant supervising a whole different set of DHS police officers than the defendant DHS officers in the instant case. And under his supervision, no client's mail packages was put through the magnometer.

In fact, there was an instance during Aguila Director Pena's tenure at Parkview where a previous DHS officer specifically told a client that they (DHS Police) were not allowed to put mail packages through the magnometer; stating that it was not lawful for them to go in someone's mail.

Upon information and belief, Defendants Barnes and Facey were assigned to Parkview in or about the same time frame: on or about late 2017 or, early 2018.

And so, it was not until Defendant Barnes arrived to Parkview as its director under Aguila Inc. that Plaintiff's parcel was intercepted at the front entrance and pried into routinely by DHS Police.

---

[1] Conspicuously, the City Defendants only offered exhibit "A" to the Court in support of their motion. But their exhibit "A" is actually a part of a whole package of forms Plaintiff was made to accept and sign which included Plaintiff's exhibit "1".

2

Upon information and belief, former Officer Davis was not a part of the DHS Police at Parkview prior to Defendant Facey's assignment there.

Plaintiff was unlawfully seized by former Officer Davis when she stopped Plaintiff from leaving the lobby area.

Once Plaintiff returned the parcel to Officer Davis, after she ordered him back, and placed it at her feet, Plaintiff was so shocked and annoyed at the fact that they went though his parcel and was now telling him that he could not have his parcel, that he told her to forget it and he began leaving the area.

It was then that Officer Davis again stopped Plaintiff and ordered him to wait as she radioed Sergeant Facey.

Plaintiff did not believe he could leave the area where Officer Davis ordered him to wait; and he simply complied in view of her assertive tone of voice in giving the directive to wait.

### III. STANDARD OF REVIEW FOR A MOTION TO DISMISS UNDER RULE 12(b)(6)

"A Rule 12(b)(6) motion is disfavored, and is rarely granted. Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1995); Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995)." *Accord,* Myers v. Guardian Life Ins. Co. of America, Inc., 5 F. Supp. 2d 423.

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; Celotex

3

Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, the evidence of the nonmovant "is to be believed" and the court must draw all "justifiable" or "reasonable" inferences in favor of the nonmoving party. *Id.* at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)); *see also* Brosseau v. Haugen, 543 U.S. 194, 195 n.2 (2004).

## IV. ARGUMENT

### 1. IN ADDITION TO THE FOURTH AMENDMENT GUARANTEE AGAINST UNLAWFUL SEARCHES AND SEIZURE PLAINTIFF WAS GUARANTEED THE RIGHT TO RECEIVE MAIL WITHOUT INTERFERENCE OR INTERCEPTION WHILE IN SHELTER BUT THE CITY DEFENDANTS CONSTRUCTIVELY DENIED PLAINTIFF OF THAT RIGHT

As shown above, Plaintiff was guaranteed, pursuant to the City's statement of client rights, given to Plaintiff through DHS, to receive mail without interference or interception. (Ex. "1").

But the City condoned and sanctioned the practices of shelter providers and DHS police interfering and intercepting Plaintiff's mail and parcel. This is evident by the fact that the City, through its Office of the Ombudsman (DHS) refused to process Plaintiff's grievances pertaining to his right to privacy.

Moreover, since the October 2018 incident complained of here, Plaintiff has been administratively transferred to another shelter after Parkview and received the same (Ex. "1") statement of client rights, consisting of the identical text guaranteeing the same rights to privacy in mail and parcel.

4

Subsequently, and on or about October 2020, Plaintiff was again administratively transferred due to the City closing that shelter.

Upon arrival to the present shelter, Plaintiff was given a similar Statement of Client Rights. See Exhibit "2".

However, at the present shelter there is no scanner or magnometer, and no DHS police; only private security guards. But the civilian staff, upon receiving Plaintiff's parcel on delivery by the mail carrier, and once Plaintiff goes to retrieve his parcel at the front desk/ "operations", the staff directs that Plaintiff open up the parcel in their presence and let them go through it, both physically by handling, and visually, any item or items contained in Plaintiff's parcel before allowing Plaintiff to take the delivered parcel.

Consequently, the City is continuing at this present day to violate Plaintiff's constitutional right to privacy, through its shelter providers and other staff employed by the provider.

And upon information and belief, the DHS police assigned to Parkview still, to this day, practice intercepting client mail packages delivered to that facility in clear violation of the City's statement of client rights, and the federal constitution.

## V. **CONCLUSION**

For the foregoing reasons, this Court should find that there exists genuine issues of material fact warranting trial and that the City Defendants are not entitled to a judgment as a matter of law; deny City Defendants' motion to dismiss; or in the alternative, grant Plaintiff an opportunity and reasonable time, respectfully, to amend his compliant; together with such other and further relief that is just and proper.

Dated: January 25, 2021
       New York, New York

Respectfully submitted,

_/s/ Wayne A. Tatum, Sr._
Wayne Tatum
P.O. Box 714
New York, NY 10026
(646) 912-1566

**TO:** **Nicolette Pellegrino**
     *Assistant Corporation Counsel*
     Special Federal Litigation Division
     NYC Law Department
     100 Church Street, Room 3-179
     New York, NY 10007
     (212) 356-2338

6

Exhibit "1"

**NYC Department of Homeless Services**



SHELTER NAME: Parkview Inn     DATE: 04/11/16

| Last Name: Tatum, Sr. | First Name: Wayne | MI: A. |
|---|---|---|
| Social Security Number: ▓▓ | Date of Birth: ▓▓ 66 | CARES ID #: ▓▓ |

## STATEMENT OF CLIENT RIGHTS
## AND DHS CODE OF CONDUCT

The *Statement of Client Rights and DHS Code of Conduct* sets forth the requirements for staying in short-term emergency housing ("shelter"). Since shelter is not a home, but rather a stepping stone to housing in the community, there are certain requirements that you must meet while in shelter. These requirements ensure that shelters is a safe and respectful place for you and other shelter clients to reside temporarily and that you work with staff to exit shelter for housing in the community as quickly as possible.

**While in shelter, your rights include:**

1. The right to exercise your civil rights and religious freedoms;
2. The right to have your personal, financial, social and medical information kept confidential by DHS and shelter staff;
3. The right to meet and have written communications with your legal representatives in private;
4. The right to receive courteous, fair and respectful treatment;
5. The right to remain in the shelter, and not be involuntarily transferred or discharged except in accordance with State regulations and the DHS procedures implementing those regulations;
6. The right to present grievances on behalf of yourself and other residents to your shelter or DHS without fear of retaliation and to receive a timely response;
7. The right to manage your own finances;
8. The right to leave and return to the shelter in accordance with the posted curfew;
9. The right to send and receive mail without interference or interception;
10. The right to be free from physical restraint or confinement; and
11. The right to end your shelter stay at any time.



04/01/13 - AF                                                                                           1



*IF I DO NOT FOLLOW THE STATEMENT OF CLIENT RIGHTS AND CODE OF CONDUCT:*

1. I may be required to leave the shelter and have my shelter discontinued if I do not follow this "Statement of Client Rights and DHS Code of Conduct", even if I refuse to sign this document.
2. I will not have my shelter discontinued if I cannot obey this "Statement of Client Rights and DHS Code of Conduct" due to a physical or mental impairment.
3. I have the right to challenge DHS's decision to discontinue my shelter by requesting a New York State Fair Hearing.

Wayne A. Tatum, Sr.
Print Name

Wayne A. Tatum, Sr.
Signature

04/11/16
Date

STAFF:   I have explained this form to the client.        ( ) Client refused to sign.

Ms Martinez
Print Name

Signature

4-11-16
Date

04/01/13 - AF

3

**Exhibit "2"**


#CASE—


**NYC** Department of Homeless Services

SHELTER NAME: __Harmonia__   DATE: __/__/__

| Last Name: | First Name: | MI: |
|---|---|---|
| Tatum | Wayne | |
| Social Security Number: | Date of Birth: | CARES ID #: |
| ▨ | ▨ 66 | ▨ |

## STATEMENT OF CLIENT RIGHTS
## AND DHS CODE OF CONDUCT

The *Statement of Client Rights and DHS Code of Conduct* sets forth the requirements for staying in short-term emergency housing ("shelter"). Since shelter is not a home, but rather a stepping stone to housing in the community, there are certain requirements that you must meet while in shelter. These requirements ensure that shelters is a safe and respectful place for you and other shelter clients to reside temporarily and that you work with staff to exit shelter for housing in the community as quickly as possible.

### While in shelter, your rights include:

1. The right to exercise your civil rights and religious freedoms;
2. The right to have your personal, financial, social and medical information kept confidential by DHS and shelter staff;
3. The right to meet and have written communications with your legal representatives in private;
4. The right to receive courteous, fair and respectful treatment;
5. The right to remain in the shelter, and not be involuntarily transferred or discharged except in accordance with State regulations and the DHS procedures implementing those regulations;
6. The right to present grievances on behalf of yourself and other residents to your shelter or DHS without fear of retaliation and to receive a timely response;
7. The right to manage your own finances;
8. The right to leave and return to the shelter in accordance with the posted curfew;
9. The right to send and receive mail without interference or interception;
10. The right to be free from physical restraint or confinement; and
11. The right to end your shelter stay at any time.



04/01/13 - AF

1



**IF I DO NOT FOLLOW THE STATEMENT OF CLIENT RIGHTS AND CODE OF CONDUCT:**

1. I may be required to leave the shelter and have my shelter discontinued if I do not follow this "Statement of Client Rights and DHS Code of Conduct", even if I refuse to sign this document.
2. I will not have my shelter discontinued if I cannot obey this "Statement of Client Rights and DHS Code of Conduct" due to a physical or mental impairment.
3. I have the right to challenge DHS's decision to discontinue my shelter by requesting a New York State Fair Hearing.

| Tatum Wayne | Wayne Tatum, Sr. | 10/26/20 |
|---|---|---|
| Print Name | Signature | Date |

STAFF:   I have explained this form to the client.          (   ) Client refused to sign.

_____   _____   _____
Print Name                            Signature                             Date